**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
    apersinger@bursor.com
    ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON FELICIANO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED EDUCATION INSTITUTE,<br><br>Defendant. | Case No. 8:16-cv-367<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Ramon Feliciano ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to his own actions are based on personal knowledge.

## NATURE OF THE ACTION

1. Between February 5, 2016 and February 25, 2016, Defendant United Education Institute ("UEI" or "Defendant") called Mr. Feliciano's cellular telephone at least 67 times using an automatic telephone dialing system:

| **Date** | **Time** | **Number Calling** |
|---|---|---|
| 02/05/16 | 07:17 AM | (831) 477-2992 |
| 02/05/16 | 02:49 PM | (831) 477-2992 |
| 02/05/16 | 04:08 PM | (831) 477-2992 |
| 02/08/16 | 09:34 AM | (831) 477-2992 |
| 02/08/16 | 10:24 AM | (831) 477-2992 |
| 02/08/16 | 01:36 PM | (831) 477-2992 |
| 02/08/16 | 04:11 PM | (831) 477-2992 |
| 02/09/16 | 07:48 AM | (831) 477-2992 |
| 02/09/16 | 08:32 AM | (831) 477-2992 |
| 02/09/16 | 10:57 AM | (831) 477-2992 |
| 02/09/16 | 01:16 PM | (831) 477-2992 |
| 02/09/16 | 03:12 PM | (831) 477-2992 |
| 02/09/16 | 05:58 PM | (831) 477-2992 |
| 02/10/16 | 08:12 AM | (831) 477-2992 |
| 02/10/16 | 10:49 AM | (831) 477-2992 |
| 02/10/16 | 12:50 PM | (831) 477-2992 |
| 02/10/16 | 02:46 PM | (831) 477-2992 |

| | | |
|---|---|---|
| 02/10/16 | 04:52 PM | (831) 477-2992 |
| 02/11/16 | 07:55 AM | (831) 477-2992 |
| 02/11/16 | 09:25 AM | (831) 477-2992 |
| 02/11/16 | 01:12 PM | (831) 477-2992 |
| 02/11/16 | 03:34 PM | (831) 477-2992 |
| 02/11/16 | 06:43 PM | (831) 477-2992 |
| 02/12/16 | 09:27 AM | (831) 477-2992 |
| 02/12/16 | 04:25 PM | (831) 477-2992 |
| 02/15/16 | 08:53 AM | (831) 477-2992 |
| 02/15/16 | 12:34 PM | (831) 477-2992 |
| 02/15/16 | 03:02 PM | (831) 477-2992 |
| 02/15/16 | 05:45 PM | (831) 477-2992 |
| 02/16/16 | 08:24 AM | (831) 477-2992 |
| 02/16/16 | 09:57 AM | (831) 477-2992 |
| 02/16/16 | 01:30 PM | (831) 477-2992 |
| 02/16/16 | 03:14 PM | (831) 477-2992 |
| 02/16/16 | 05:54 PM | (831) 477-2992 |
| 02/17/16 | 08:57 AM | (831) 477-2992 |
| 02/17/16 | 11:31 AM | (831) 477-2992 |
| 02/17/16 | 02:07 PM | (831) 477-2992 |
| 02/17/16 | 04:16 PM | (831) 477-2992 |
| 02/18/16 | 08:51 AM | (831) 477-2992 |
| 02/18/16 | 11:03 AM | (831) 477-2992 |
| 02/18/16 | 01:12 PM | (831) 477-2992 |
| 02/18/16 | 03:35 PM | (831) 477-2992 |

| | | |
|---|---|---|
| 02/18/16 | 06:39 PM | (831) 477-2992 |
| 02/19/16 | 09:36 AM | (831) 477-2992 |
| 02/19/16 | 11:38 AM | (831) 477-2992 |
| 02/19/16 | 01:55 PM | (831) 477-2992 |
| 02/19/16 | 04:28 PM | (831) 477-2992 |
| 02/22/16 | 09:20 AM | (831) 477-2992 |
| 02/22/16 | 11:42 AM | (831) 477-2992 |
| 02/22/16 | 01:42 PM | (831) 477-2992 |
| 02/22/16 | 03:29 PM | (831) 477-2992 |
| 02/22/16 | 06:18 PM | (831) 477-2992 |
| 02/23/16 | 08:48 AM | (831) 477-2992 |
| 02/23/16 | 10:51 AM | (831) 477-2992 |
| 02/23/16 | 12:52 PM | (831) 477-2992 |
| 02/23/16 | 02:38 PM | (831) 477-2992 |
| 02/23/16 | 04:23 PM | (831) 477-2992 |
| 02/23/16 | 06:45 PM | (831) 477-2992 |
| 02/24/16 | 08:37 AM | (831) 477-2992 |
| 02/24/16 | 09:43 AM | (831) 477-2992 |
| 02/24/16 | 11:37 AM | (831) 477-2992 |
| 02/24/16 | 01:14 PM | (831) 477-2992 |
| 02/24/16 | 02:44 PM | (831) 477-2992 |
| 02/24/16 | 04:41 PM | (831) 477-2992 |
| 02/25/16 | 09:05 AM | (831) 477-2992 |
| 02/25/16 | 11:50 AM | (831) 477-2992 |
| 02/25/16 | 03:26 PM | (831) 477-2992 |

2. Plaintiff did not give Defendant prior express written consent to make these calls. In fact, he repeatedly asked Defendant to stop calling him, but it would not stop.

3. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using Automatic Telephone Dialing System without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA").

## PARTIES

4. Plaintiff Ramon Feliciano is, and at all times mentioned herein was, a resident of Orlando, Florida and a citizen of the State of Florida.

5. Defendant United Education Institute is a California corporation with its principal place of business at 16485 Laguna Canyon Road, Suite 300, Irvine, CA 92618.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendants; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

CLASS ACTION COMPLAINT 4

8. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant is headquartered in this District, Defendant transacts significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A. The Telephone Consumer Protection Act Of 1991

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone number to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

11. The TCPA also established a requirement that all business that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC List"). *See* 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." *Id.* The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. *Id.* at § 64.1200(d)(3), (6). Any company, or someone on the company's behalf, who calls a member of the company IDNC violates the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

12. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must

be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

## B. Defendant's Calls to Plaintiff and Class Members

13. Prior to the calls at issue in this action, Plaintiff never had any contact with Defendant. Plaintiff has never consented in writing, or otherwise, to receive autodialed calls from Defendant to his cellphone. Plaintiff has never provided Defendants with his telephone number.

14. In total, Defendants called Plaintiff at least 67 times using an autodialer and/or an artificial or prerecorded voice without his prior express written consent.

15. When Plaintiff answered Defendant's calls, he heard a momentary pause before someone started speaking to him.

16. Plaintiff repeatedly asked Defendant that he not be called anymore, but Defendant kept calling.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

18. Plaintiff proposes the following Autodialer Class definition:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendants in order to promote its products or services; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

CLASS ACTION COMPLAINT 6

19. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the Autodialer Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

20. Plaintiff also proposes the following Internal Do Not Call List Class definition:

> All persons in the United States who (a) after notifying Defendant that they no longer wished to receive calls from or on behalf of Defendant, (b) received one or more calls from or on behalf of Defendant on their cellular telephone, (c) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

21. Collectively, all these persons will be referred to as the "IDNC List Class." Plaintiff represents, and is a member of, this proposed class. Excluded from the IDNC List Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

22. Plaintiff does not know the exact number of members in the proposed classes, but reasonably believes based on the scale of Defendant's business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

23. Plaintiff and all members of the proposed classes have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily

accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

24. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed classes can be identified easily through records maintained by Defendants.

25. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendants made telephone calls to class members using an autodialer without their prior express written consent;

    b. Whether Defendants made telephone calls to class members despite previous removal requests;

    c. Whether Defendants' conduct was knowing and/or willful;

    d. Whether Defendants are liable for damages, and the amount of such damages, and

    e. Whether Defendants should be enjoined from engaging in such conduct in the future.

26. As a person who received numerous and repeated calls on her telephone using an autodialer without his prior express written consent, Plaintiff asserts claims that are typical of each member of the classes. Plaintiff will fairly and adequately represent and protect the interests of the proposed classes, and has no interests which are antagonistic to any member of the proposed classes.

27. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

28. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

29. Defendants have acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

30. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

31. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

32. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

CLASS ACTION COMPLAINT                                                                 9

33. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

34. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

35. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

36. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

37. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

39. Plaintiff and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed classes the following relief against Defendants:

    a. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

CLASS ACTION COMPLAINT      10

b. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendants' violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed classes;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiff is a proper representative of the classes, and appointing the lawyers and law firm representing Plaintiff as counsel for the classes;

f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: February 29, 2016                    Respectfully submitted,

By: */s/ L. Timothy Fisher*
L. Timothy Fisher

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455

CLASS ACTION COMPLAINT                                                              11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
  apersinger@bursor.com
  ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY 10019
Telephone: (212) 989-9113
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

CLASS ACTION COMPLAINT                                   12